(C.D. 2719)

SOUTHWEST SUGAR & MOLASSES CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 23, 1966)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the defendant.

Richardson, Judge: The merchandise of the instant protests, described on the commercial invoices as "SOUND MERCHANTABLE UNADULTERATED MOLASSES IN BULK," was imported at San Francisco from the Philippine Islands and classified under the provision for molasses, not specially provided for, under 19 U.S.C.A., section 1001, paragraph 502 (paragraph 502, Tariff Act of 1930), as modified. It is claimed in the protest that "the [molasses] was in fact not commercially used for the extraction of sugar or for human consumption and is there dutiable at 10% of .01¢ [per pound] under paragraph 502, Tariff Act of 1930 . . . ."

The protests were submitted to the court upon a stipulation which reads:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the plaintiff and The Assistant Attorney General for the United States, subject to the approval of the Court, that

1. The submission of the protests herein at San Francisco, California on February 26, 1965 be set aside.

2. The merchandise involved in Protest Nos. 64/7640 and 64/7635 consists of molasses unfit for human consumption, a product of the Philippine Islands, and was entered into the United States for consumption during the period January 1, 1959 and December 31, 1961, viz., on April 29, 1960.

3. The merchandise involved in Protest No. 64/7640 was assessed with duty at 10% of the ordinary customs duty of 0.077¢ per gal. plus 1.1305¢ per gal., based upon a total sugar content of 61.3%, pursuant to the provisions of paragraph 502 of the Tariff Act of 1930, as modified by T.D. 54108 and as further provided in the Philippine Trade Agreement, T.D. 53965 and by the Trade Agreement with Cuba, T.D. 51819. The merchandise involved in Protest No. 64/7635 was assessed for duty on the basis of 0.077¢ per gallon rate, as provided in paragraph 502, *supra*, as modified; however, by clerical error, it was also assessed on the basis of 0.085¢ paragraph 502, *supra*, as modified, based upon a total sugar content of 61.5%, and also by clerical error 90% of the ordinary customs duty, as above described, was assessed rather than the 10% provided for in the Phillipine [sic] Trade Agreement, T.D. 53965 and in the Trade Agreement with Cuba, T.D. 51819.

4. The merchandise in both protests is claimed to be properly dutiable at the rate of 10% of the ordinary customs duty of .01¢ per lb., as provided by paragraph 502 of Tariff Act of 1930, as modified by T.D. 54108 and as further provided in the Philippine Trade Agreement, T.D. 53965 and in the Trade Agreement with Cuba, T.D. 51819.

5. The merchandise involved in both protests does not come within the definition of "blackstrap molasses" as provided in Section 13.4(d) of the Customs Regulations, in effect on the date of entry of the merchandise (T.D. 51871, T.D. 53336).

6. The merchandise involved in both protests was denied entry at the rates claimed in the protests because of the failure of the plain-

tiff to comply with the provisions of section 13.4(b) (c) of the Customs Regulations by furnishing to the Collector at the port of entry, within three years from the date of entry, certificates of use therein provided for. Certificates of use were filed with the Collector at the port of entry on November 1, 1963, after the filing of the instant protests, and the parties agree that the merchandise was not in fact commercially used for the extraction of sugar or for human consumption, as those provisions are used and defined in the foregoing regulation, but was used in the production of livestock feed.

Accepting this stipulation as evidence that the instant merchandise was not imported to be commercially used for the extraction of sugar or for human consumption and upon the authorities cited therein, we hold that the claim of the plaintiff that the instant merchandise is properly dutiable at the rate of 10 percent of the ordinary customs duty of 0.01 cent per pound, as provided by paragraph 502 of the Tariff Act of 1930, as modified by T.D. 54108 and as further provided in the Philippine Trade Agreement, T.D. 53965, and in the Trade Agreement with Cuba, T.D. 51819, is sustained.

Judgment will be entered accordingly.